UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIRSTEN M., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02544-RLY-DML |
| | ) |
| KILOLO KIJAKAZI, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Kirsten M., suffers from a variety of ailments, including osteoarthritis of the knee, obesity, seronegative inflammatory arthritis, and depression. She applied for disability insurance benefits under Title II of the Social Security Act in May 2017. After her application was denied initially and on reconsideration, a hearing was held on October 4, 2019, before an administrative law judge ("ALJ"). The ALJ issued her decision on October 22, 2019, that Plaintiff was not disabled. The Appeals Council denied review on July 30, 2020, rendering the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision. The court referred the matter to the Magistrate Judge on June 21, 2021. The Magistrate Judge issued her Report and Recommendation ("R&R") on February 3, 2022, recommending that the court affirm the Commissioner's decision finding Plaintiff was not disabled.

Plaintiff objects, contending the ALJ erred in relying on the vocational expert's testimony because the ALJ's hypothetical questions to the vocational expert ("VE") (a) included a phrase that is not a vocational term and (b) included restrictions that would require special accommodations from an employer. She also contends the ALJ's residual functional capacity ("RFC") finding is erroneous because the ALJ's evaluation of an opinion by Nurse Practitioner Sheets is not supported by substantial evidence.

Pursuant to Federal Rule of Civil Procedure 72, the court reviews these issues *de novo*, determining for itself whether the Commissioner's decision on those issues is supported by substantial evidence and no error of law occurred. "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Upon conducting a review, the court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### A. The Vocational Expert's Testimony

At step five of the sequential evaluation process for determining whether a claimant is disabled, the ALJ determines whether there is work in the relevant economy that the claimant can perform, based on her age, work experience, education, and her RFC. 20 C.F.R. § 404.1520(a)(4). If there is, the claimant is not disabled.

At step five in the present case, the ALJ determined that, based on the testimony of the VE, Plaintiff's vocational factors, and her RFC, Plaintiff could perform unskilled, sedentary jobs that existed in significant numbers in the national economy, such as a

bench hand, final assembler, and clerical sorter.  (Filing No. 10-2, Record at 31).  When an ALJ relies on the testimony of a VE regarding jobs that fit a claimant's functional abilities within a certain work environment, the hypothetical questions "ordinarily must include *all* limitations supported by medical evidence in the record."  *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002) (emphasis in original); *see also O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010) ("Our cases, taken together, suggest that the most effective way to ensure that the VE is apprised fully of the claimant's limitations is to include them directly in the hypothetical.").  The Seventh Circuit does not insist on a per se requirement that an ALJ use specific terminology in hypotheticals posed to a VE.  *O'Connor*, 627 F.3d at 619.  Rather, the court's focus should be on whether the ALJ oriented the VE to the totality of the claimant's limitations.  *Id.*  "The reason for the rule is to ensure that the vocational expert does not refer to jobs that the applicant cannot work because the expert did not know the full range of the applicant's limitations."  *Steele*, 290 F.3d at 942.

   The ALJ determined that Plaintiff could perform sedentary work with a sit/stand option that permits her to change position every 30 minutes if needed and "without disturbing the workplace." (Record at 20).  Plaintiff argues that the phrase "without disturbing the workplace" is not a vocationally relevant limitation and does not account for the time it would take for Plaintiff to alternate positions—i.e., her "off task" time.  "Off task" time is relevant here because the VE testified that a worker off task 20% of an eight-hour workday, or absent two or more days a month due to impairments, could not find competitive employment.  (Record at 58-59)

3

The Magistrate Judge found that Plaintiff's counsel forfeited her argument that the use of the phrase "without disturbing the workplace" in the hypothetical to the VE is legally erroneous and renders unreliable the VE's opinion regarding available jobs. She explained that Plaintiff's counsel did not question the VE regarding his understanding of the phrase when he gave his opinion about available work, nor did he suggest the phrase has no vocational relevance. In her Objection, Plaintiff acknowledges her counsel's failure to question the VE on these issues but argues that "the ALJ still had a duty to resolve any conflict between the DOT[1] and the vocational testimony and to present all limitations to the vocational witness." (Filing No. 18, Pl.'s Objection at 2).

It is true that "if a vocational expert's testimony appears to *conflict* with the DOT, the ALJ must obtain a reasonable explanation for the apparent conflict, and that a claimant's failure to object during a hearing cannot excuse an ALJ's failure to do so." *Brown v. Colvin*, 845 F.3d 247, 254-55 (7th Cir. 2016) (internal quotations omitted). But Plaintiff fails to explain the conflict between the VE's testimony and the DOT. Indeed, at the hearing the VE explained his testimony was consistent with the DOT and SCO,[2] except for his testimony regarding "the indication of percentage off-task, the level of absenteeism, [and the] sit/stand option." (Record at 59). Those issues were not addressed in either the DOT or the SCO, but his opinions on those issues were "based upon [his] knowledge of and experience placing people in the labor market." (Record at

---

[1] DOT stands for Dictionary of Occupational Titles.
[2] SCO stands for the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles.

59). The fact that his opinion on the sit/stand option was not addressed by the DOT or SCO does not mean it *conflicts* with the DOT or SCO.

Moreover, based on the evidence and the hearing transcript, the Magistrate Judge correctly found that the VE was properly oriented to the totality of Plaintiff's limitations by the ALJ's hypotheticals. As the Magistrate Judge observed, there is no evidence that the VE did not understand the hypothetical posed, nor evidence indicating the VE did not understand the totality of Plaintiff's limitations with sitting and standing.

Next, Plaintiff argues the VE improperly considered accommodations[3] at the hearing. The Magistrate Judge was correct to reject this argument.

At the hearing, Plaintiff's attorney asked the VE about the sit/stand option with respect to the unskilled jobs identified for Plaintiff. (Record at 59). The VE explained that the jobs are performed at a chest-high bench usually while standing but can be performed either sitting or standing. (*Id.*). Because the bench is higher than a normal desk, a worker would not use "a regular chair"—presumably, a stool. (*Id.*). The VE also said that workers can "use [an] assistive device for changing the level of the computer" if they are required to use "a full blown computer," but some jobs allow workers to use "a tablet or a small laptop." (*Id.* at 60). Plaintiff says that the stool and adjustable-height computer device "are clearly accommodations." (Pl.'s Objection at 3).

---

[3] According to SSR 11-2p, when determining whether a person can do other work that exists in significant numbers in the national economy, an ALJ is not to consider whether a person could do a job with accommodations.

The VE testified that an adjustable-height computer device is only required for a job that requires a standard computer, which is not always the case. (*Id.*). Most importantly, the ALJ opined that sit/stand assistive devices are "pretty much standard now" and are "not even considered an accommodation anymore." (Filing No. 17, R&R at 12 (citing Record at 60)). Although Plaintiff argues the VE failed to support his assertions with evidence, she has not demonstrated why the ALJ could not rely on the VE's opinion that the sit/stand devices are not considered accommodations anymore. The VE explained that his opinions were based on industry standards, education, and work experience. Therefore, the court agrees with the Magistrate Judge that the VE's testimony in response to the ALJ's hypotheticals provided substantial evidence that other work existed in the national economy that Plaintiff could perform.

  **B.**  **Nurse Practitioner Sheets's Opinion**

In August 2019, Nurse Practitioner ("NP") Sheets opined through a medical assessment questionnaire that Plaintiff would need to take hourly work breaks and would be absent more than four days every month. (Record at 1378). In the section of the questionnaire asking Sheets to "describe limitations the patient would experience when performing work-related activities and comment on the basis of [her] opinion," she stated, "[Plaintiff] has decreased mobility due to chronic pain and inflammation. She has significant depression affecting motivation and focus." (*Id.*). The ALJ found that NP Sheets's opinion was "overly sympathetic to [Plaintiff], insufficiently specific regarding [Plaintiff's] tolerances for particular work tasks and environments[,] and otherwise not

persuasive." (*Id.* at 30). Plaintiff argues that this determination was not supported by substantial evidence. The Magistrate Judge disagreed.

SSA regulations state that the agency "will not defer or give any specific evidentiary weight" to a claimant's medical sources. 20 C.F.R. § 404.1520c(a). When evaluating the persuasiveness of a medical opinion, the most important factors that an ALJ considers are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). The ALJ must explain how he considered those factors. *Id.* The ALJ may, but is not required to explain, how he considered the other remaining factors—relationship with the claimant; specialization of the provider; and other factors—unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. § 404.1520c(b)(3).

The ALJ properly evaluated NP Sheets's opinion in accordance with the regulations. Specifically, the ALJ stated NP Sheets's limitations were not consistent with the treatment records indicating Plaintiff was not more limited than sedentary work. (Record at 30; *see also id.* at 95-96 (opinion of state agency doctor finding Plaintiff could perform a range of sedentary work)). *See also* 20 C.F.R. § 404.1520c(c)(2) (explaining consistency takes into account how consistent the medical opinion is with evidence from other medical sources and nonmedical sources). Additionally, the ALJ explained that NP Sheets's opinion did not specifically address Plaintiff's tolerances for different work tasks and environments, and it failed to articulate any exertional and/or postural restrictions.

(Record at 30). Because the ALJ sufficiently articulated her reasons for finding NP Sheets's opinion unpersuasive, she did not err.

### C. Conclusion

The ALJ's findings were supported by substantial evidence. Accordingly, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 17) and **AFFIRMS** the decision of the Commissioner that Plaintiff was not disabled. Final judgment consistent with this opinion shall issue forthwith.

**SO ORDERED** this 31st day of March 2022.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.